**ALPHA THERAPEUTIC CORPORATION, a California corporation; Welfide International Corporation, a Delaware corporation, Plaintiffs—Appellants,**

v.

**FEDERAL INSURANCE COMPANY, Defendant—Appellee.**

No. 03–56773.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 2005.

Decided March 18, 2005.

Gwen Freeman, Esq., Knapp, Petersen & Clarke, Glendale, CA, for Plaintiffs–Appellants.

Erwin E. Adler, Esq., Adler Law Group, Los Angeles, CA, for Defendant–Appellee.

Before: BRUNETTI, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM *

Alpha Therapeutic Corporation and Welfide International Corporation ("Alpha") bring breach of contract and bad faith claims against their liability insurer, Federal Insurance Company ("Federal"), for Federal's refusal to defend Alpha in two underlying lawsuits filed by former employees after determining that the underlying lawsuits fell within the Employment Related Practices ("ERP") exclusion in the insurance contracts.[1] This exclusion denies coverage for:

> any liability based on, attributable to, related to or in any manner arising out of any actual or alleged:
>
> 1. termination of any employee;
> 2. failure to promote or advance any employee; or
> 3. failure to hire any prospective employee or any applicant for employment.

There was no error in the District Court's finding that Federal had no duty to defend or indemnify Alpha. *See Low v. Golden Eagle Ins. Co.*, 104 Cal.App.4th 306, 128 Cal.Rptr.2d 423, 428–29 (2002) (articulating a test for whether defamation claims fall within ERP exclusions under California law). The allegedly defamatory statements described in the underlying complaints were "part and parcel of [the] allegedly wrongful termination of the plaintiffs' employment," *Loyola Marymount Univ. v. Hartford Accident & Indem. Co.*, 219 Cal.App.3d 1217, 271 Cal.Rptr. 528, 531 (1990), and were made "in the context of [the former employee's] employment." *Frank and Freedus v. Allstate Ins. Co.*, 45 Cal.App.4th 461, 52 Cal. Rptr.2d 678, 684 (1996). The underlying complaints alleged that Alpha engaged in a scheme of retaliatory terminations that included defaming the former employees and painting them in a false light; thus, to the extent that they were not explicitly employment-related, the alleged defamatory statements were made for an employment-related purpose. *See HS Servs., Inc. v. Nationwide Mut. Ins. Co.*, 109 F.3d 642, 646 (9th Cir.1997) (applying California law). Furthermore, there was no relationship between Alpha and Federal outside of the employment relationship, and thus no reasonable alternative explanation for the alleged defamation. *Cf. Golden Eagle Ins. Corp. v. Rocky Cola Cafe, Inc.*, 94 Cal. App.4th 120, 114 Cal.Rptr.2d 16, 22–23 (2001) (finding a duty to defend despite an ERP exclusion where a supervisor and employee had been involved in an intimate relationship); *HS Services*, 109 F.3d at 647 (finding a duty to defend despite an ERP exclusion where a former employee had become a competitor of his former employer). The statements at issue were allegedly made with the purpose of furthering a retaliatory scheme to punish the plaintiffs for whistle-blowing. They were therefore "based on, attributable to, related to or in any manner arising out of" the terminations of the underlying plaintiffs and any liability for those statements would fall within the ERP exclusion. Because this exclusion protects Federal from liability for the defamation and invasion of privacy claims, Federal had no duty to defend Alpha in the underlying lawsuits.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Four contracts cover the relevant time period, but the parties have stipulated that there is "no difference in the breadth or application" of the ERP exclusions in those contracts.